Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

*Attorney for Plaintiffs Tracy Barrett, Daniela Gruen, Laura Harman, Marilyn Moore-Buice and Caroline Spindel*

*(Additional Counsel listed on signature page)*

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY BARRETT, DANIELA GRUEN, LAURA HARMAN, MARILYN MOOREBUICE, AND CAROLINE SPINDEL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>BURT'S BEES, INC., THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>                    Defendants. | Case No. 3:22-cv-00935-RS<br><br>Hon. Richard Seeborg<br><br>**NOTICE OF AMENDED MOTION AND MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   November 10, 2022<br>Time:  1:30PM<br>Room: Courtroom #3, 17th Floor |
| MARISOL BAEZ, individually on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>                    Defendants. | Case No.: 3:22-cv-05218-RS |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 10, 2022, at 1:30 p.m., or as soon thereafter as the parties may be heard, Plaintiffs will move this Court at the United States Courthouse located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Richard Seeborg in Courtroom 3, 17th Floor, for an Order appointing Bursor & Fisher, P.A. and Milberg Coleman Bryson Phillips Grossman PLLC as Interim Co-Lead Counsel; Bursor & Fisher, P.A. as Interim Liason Counsel; and Richman Law & Policy, Shub Law LLC, and Levin Sedran & Berman as Plaintiffs' Steering Committee members (collectively, "Proposed Interim Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).  The motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Proposed Order, the supporting exhibits, any oral arguments to be made at the hearing on this motion, and all other papers, documents or exhibits on file to be filed in this action.

### CIVIL LOCAL RULE 7-4(a)(3) STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should appoint Bursor & Fisher, P.A., Milberg Coleman Bryson Phillips Grossman PLLC, Richman Law & Policy, Shub Law LLC, and Levin Sedran & Berman as Interim Class Counsel.

Dated:  October 3, 2022                          Respectfully submitted,

By: _/s/ Rachel Soffin_
Rachel Soffin*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

L. Timothy Fisher (State Bar No. 191626)
**BURSOR & FISHER, P.A.**

1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

Kim E. Richman**
**RICHMAN LAW & POLICY**
1 Bridge Street, Suite 83
Irvington, New York 10533
Telephone: (718) 878-4707
Facsimile: (212) 687-8292
E-mail: krichman@richmanlawpolicy.com

Harper T. Segui*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
825 Lowcountry Blvd., Suite 101
Mt. Pleasant, SC 29464
T: 919-600-5000
hsegui@milberg.com

Erin Ruben*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
eruben@milberg.com

Jonathan Shub
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com

Charles E. Schaffer, Esq.**
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: (215) -592-4663

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

cschaffer@lfsblaw.com

*Admitted via *pro hac vice*
**Application for admission via *pro hac vice*
forthcoming.

*Attorneys for Plaintiffs* Caroline Spindel, Tracy
Barrett, Laura Harman, and Marilyn Moore-
Buice, and Daniela Gruen

# **TABLE OF CONTENTS**

Table of Authorities……………………………………………………………………...vii, viii

I.     Introduction……………………………………………………………………......1

II.    Background……………………………………………………………………....1

III.   Applicable Law……………………………………………………………………3

      A.   The Court Should Appoint Interim Counsel Pursuant to Federal Rule of Civil
           Procedure 23(g)…………………………………………………………….........3

         1.   Proposed Interim Class Counsel's Identification and Investigation and of the
            Claims…………………………………………………………………….....5

         2.   Proposed Interim Class Counsel's Experience in Handling Class Actions and
            Other Complex Litigation………………………………………………...7

             a) Bursor & Fisher…………………………………………………......…7

             b) Milberg Coleman Bryson Phillips Grossman PLLC……………………9

             c) Richman Law & Policy……………………………………………..,..12

             d) Shub Law Firm LLC……………………………………………….....15

             e) Levin Sedran & Berman…………………………………………....17

         3.   Proposed Interim Class Counsel's Knowledge of the Applicable
            Law…………………………………………………………………..........25

         4.   Proposed Interim Class Counsel's Dedication of Resources Committed to
            Representing the Class……………………………………………….......25

IV.   Conclusion……………………………………………………………………....27

1

Cases

2

*Allahverdi, et. al. v. Thinx Inc.*, Case No. 2:20-cv-10341 (C.D. Cal.)............................................ 10

3

*All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation*, No. 2:21-mc-
00491-NR (W.D. Pa.)............................................................................................................ 11

4

*Anderson et. al. v. Almay, Inc. et. al.*, Case No. 1:22-cv-02722 (S.D.N.Y.)................................... 10

5

*Bayol v. Health-Ade LLC*, Case No. 18-cv-01462-MMC ............................................................... 8

6

*Berman et al. v. General Motors LLC*, No. 2:18-cv-14371 (S.D. Fla.) ......................................... 12

7

*Blenis et. al. v. Thinx Inc.*, Case No. 1:21-cv-11019-IT (D.Mass.) ............................................... 10

8

*Chin v. RCN Corporation*, No. 08-cv-7349 RJS (S.D.N.Y.) .......................................................... 13

9

*Cleveland v. Whirlpool Corp.*, No. 0:20-cv-01906-WMV-KMM (D. Minn.) ............................... 12

10

*Corbett v. PharmaCare U.S. Inc.*, No. 3:21-cv-00137-GPC-AGS (S.D. Cal) ........................ 11, 12

11

*Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014)....................................................7, 8

12

*Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014)...............................7, 8

13

*Gibson v. Quaker Oats Co.*, No. 16-cv-04853 (N.D. Ill.)............................................................... 13

14

*GMO Free USA d/b/a Toxin Free USA v. Burt's Bees, Inc.*, No. 2022 CA 001444 B (D.C. Super).
............................................................................................................................................... 12

15

*Hamm v. Sharp Electronics Corp.*, No. 5:19-cv-00488 (M.D. Fla.) ............................................. 12

16

*Hart v. BHH, LLC*, 2017 WL 2912519  (S.D.N.Y. July 7, 2017) .................................................... 8

17

*In Re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-
BRM-ESK (D.N.J.).............................................................................................................. 11

18

*In Re: Allura Fiber Cement Siding Prods. Liability Litig.*, No. 2:19-mn-02886-DCN (D.S.C.)..... 11

19

*In Re: Blackbaud, Inc., Customer Data Breach Litigation*, MDL No. 2972, No.: 3:20-mn-02972-
JMC, D.E. 35 (D.S.C. February 16, 2021) ................................................................... 11, 27

20

*In Re: Frito-Lay North America, Inc. All Natural Litig.*, No. 1:12-md-02413-RRM-RLM
(E.D.N.Y.) .......................................................................................................................... 13

21

*In Re: General Mills Glyphosate Litig.*, No. 16-cv-2869 (D. Minn.)............................................ 13

22

*In Re: General Mills, Inc. Kix Cereal Litig.*, No. 2:12-cv-00249-KM-MCA (D.N.J.).................... 13

23

*In Re: Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR, 2012 WL
5833604 (D. Del. Nov. 16, 2012)....................................................................................... 25

24

*In Re: High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 584 (N.D. Cal. 2013) ...................... 4

25

*In Re: Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008)...................... 3

26

27

28

*In Re: Qualcomm Antitrust Litig.*, 2017 WL 2222531 (N.D. Cal. May 15, 2017) .......................... 4

*In Re: Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015) ........................................ 8

*In Re: Scotts EZ Seed Litig.*, No. 12-cv-4727 (VB) (S.D.N.Y. Jan. 26, 2015) ............................... 7

*In Re: Seresto Flea and tick Collar Marketing, Sales Practices and Product Liability Litig.*, 1:21-cv-4447 (ND. Il) ................................................................................................................. 11

*In Re: Simply Orange Orange Juice Marketing & Sales Practices Litigation*, No. 4:12-md-02361 (W.D. Mo ............................................................................................................................... 12

*In Re: Trader Joe's Tuna Litig.*, 2016 WL 7407329 (C.D. Cal. Dec. 21, 2016) .............................. 4

*Jones, et al., v. Monsanto Co.*, No. 19-0102-CV-W-BP, 2021 U.S. Dist. LEXIS 91260 (W.D. Mo. May 13, 2021) ...................................................................................................................... 13

*Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116  (C.D. Cal. Sept. 23, 2020) .......... 8

*Koh v. SC Johnson & Son, Inc.*, No. 5:09-cv-00927 (N.D. Cal. ...................................................... 12

*Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) ................ 8

*Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014) …………...4, 8, 26

*Onaka et. al. v. Shiseido Americas Corporation*, Case No. 1:21-cv-10665 (S.D.N.Y.) ................... 10

*Paulino v. Conopco, Inc.*, No. 1:14-cv-05145-JG-RML (E.D.N.Y.) ............................................... 13

*Perez v. Rash Curtis & Associates*, 2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ......................... 9

*Rosen v. Unilever United States Inc.*, No. 09-02563 JW (N.D. Cal.) ............................................... 13


Rules

Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006).... 1, 3, 4, 5, 6, 7, 25

## I.       INTRODUCTION

Pursuant to Fed. R. Civ. P. 23(g), Plaintiffs Caroline Spindel, Tracy Barrett, Laura Harman, Marilyn Moore-Buice and Marisol Baez (collectively, "Moving Plaintiffs") hereby move for an order appointing Bursor & Fisher, P.A. and Milberg Coleman Bryson Phillips Grossman PLLC as Interim Co-Lead Counsel; Bursor & Fisher, P.A. as Interim Liason Counsel; and Richman Law & Policy, Shub Law LLC, and Levin Sedran & Berman as Plaintiffs' Steering Committee members (collectively, "Proposed Interim Class Counsel").   These firms have joined together to collectively represent Plaintiffs Spindel, Tracy Barrett, Laura Harman, Marilyn Moore-Buice, Daniela Gruen, and Marisol Baez against Defendants, and they have extensive nationwide consumer class action experience, knowledge of the applicable law, and substantial resources, as well as offices in California. Appointment of Proposed Interim Class Counsel will create one unified voice for Plaintiffs and the putative classes, promote efficiency, and conserve judicial resources.

## II.      BACKGROUND

On February 15, 2022, Plaintiff Daniela Gruen filed her putative class action in the Northern District of California against Defendants The Clorox Company and The Burt's Bees Products Company (collectively, "Defendants"). Plaintiff Gruen alleged that, unbeknownst to consumers, certain of Defendants' popular cosmetic products contain harmful chemicals known as per- and polyfluoroalkyl substances ("PFAS").  *See* ECF No. 1, ¶ 1.  On March 25, 2022, Plaintiff Spindel filed her putative class action in the Northern District of California against Defendants Burt's Bees, Inc. and The Clorox Company, also alleging that Defendants' popular cosmetic products contain PFAS, and bolstering their allegations by referencing independent laboratory testing commissioned by counsel for Plaintiff Spindel.  *See*, *e.g.*, Case 4:22-cv-01928, ECF No. 1, ¶¶ 11-12, 40-41.   On April 12, 2022, this Court issued an Order granting Defendants' administrative motion to relate the *Gruen* and *Spindel* matters.  *See* ECF No. 19.  On April 7, 2022, Plaintiffs Barrett, Harman, and Moore-Buice filed their putative class action in the Northern

District of California against Defendants The Clorox Company, Burt's Bees, Inc. and The Burt's Bees Products Company. Like Plaintiffs Spindel and Gruen, Plaintiffs Barrett, Harman, and Moore-Buice allege that contrary to Defendants' product representations, Plaintiffs independent laboratory testing confirms that the products at issue contain PFAS. Since that filing, and in the interest of efficiency and coordination, Plaintiffs have dismissed that action and have joined the *Spindel* and *Gruen* actions via a Consolidated Amended Complaint. *See* ECF No. 26.

On July 7, 2022, Plaintiff Baez filed a similar action in the Eastern District of New York. *See Baez v. The Clorox Company, et. al.*, No. 1:22-cv-03990 (E.D.N.Y.)("*Baez*"), ECF No. 1. On September 2, 2022, pursuant to a joint motion by the parties, the *Baez* action was transferred to the Northern District of California. *See Baez*, ECF No. 11. On September 14, 2022, this Court entered an Order relating the *Gruen* and *Baez* cases. *See* ECF No. 49. On September 28, 2022, counsel for plaintiffs in the *Gruen* and *Baez* matters filed a joint motion to consolidate the cases based on their common questions of law and fact. *See* ECF No. 53. Provided the Court grants the motion to consolidate, counsel for the *Gruen* and *Baez* Plaintiffs have agreed to a proposed leadership structure to promote the efficient litigation of the consolidated action.

Plaintiffs propose that Interim Co-Lead Counsel, in consultation with Plaintiffs' Steering Committee, shall have responsibility for strategic decisions associated with the prosecution of these consolidated cases (and any subsequently filed consolidated case). As described below, the proposed leadership structure will permit Plaintiffs to prosecute this case efficiently and in the best interests of the putative class. The proposed leadership structure is also supported by the following additional factors:

- Proposed Interim Class Counsel have performed substantial work investigating and litigating these claims over the past year, including obtaining

independent laboratory testing of the subject products and retaining qualified subject-matter experts;

- Proposed Interim Class Counsel have a local presence in this District;

- Proposed Interim Class Counsel have the experience, knowledge, and resources to continue to prosecute this action in the putative class's best interests, including substantial experience litigating consumer class actions involving PFAS; and

- The proposed leadership structure has the support of all the Plaintiffs and firms involved in this litigation. This is particularly significant because many of the firms involved are qualified to lead the case in their own right and have agreed to support this proposed leadership structure.

## III.    APPLICABLE LAW

### A.    The Court Should Appoint Interim Counsel Pursuant To Federal Rule Of Civil Procedure 23(g)

The appointment of interim class counsel is recommended early in the litigation, prior to class certification, to protect the interests of the putative class.  *See* Fed. R. Civ. P. 23(g); *Annotated Manual for Complex Litigation* (4th ed. 2006) (the "*Manual*"); *see also* Fed. R. Civ. P. 23(g)(2)(A) (providing for the designation of interim class counsel to act on behalf of a putative class before the determination of class certification).  Pursuant to Federal Rule of Civil Procedure 23(g)(3), a "court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action."

Although the rule states the Court "may" appoint an interim counsel, courts construing Rule 23(g)(3) have relied on the Advisory Committee Notes (the "Notes") accompanying the rule to hold that appointment of interim class counsel is useful because it "clarifies responsibility for protecting the interests of the class during precertification activities."  *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (internal citations omitted).  Where, as here,

several different cases are brought together and consolidated into a single action, it is useful to have the responsibilities of the various attorneys delineated by the Court.  As such, Plaintiffs here propose a structure that will result in the efficient litigation of this case.  The appointment of the Proposed Interim Class Counsel will streamline the litigation activities and result in the most organized structure for Plaintiffs and the Class.  *See*, *e.g.*, *In re High-Tech Employee Antitrust Litig.*, 289 F.R.D. 555, 584 (N.D. Cal. 2013) (appointing two firms as co-lead counsel and two additional firms as members of an executive committee); *In re Qualcomm Antitrust Litig.*, 2017 WL 2222531, at *1 (N.D. Cal. May 15, 2017) (appointing individuals from three firms to a plaintiffs' steering committee and designating two of them as co-lead counsel).

As stated in the *Manual*, the Court should "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Manual* at § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* at § 10.221.

While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which governs the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification.  *See*, *e.g.*, *In re Trader Joe's Tuna Litig.*, 2016 WL 7407329, at *3 (C.D. Cal. Dec. 21, 2016); *Melgar v. Zicam, LLC*, 2014 WL 5486676, at *2 (E.D. Cal. Oct. 29, 2014).  Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing

the class.

Fed R. Civ. P. 23(g)(1).

In general, a class is fairly and adequately represented where counsel is qualified, experienced, and generally capable of conducting class action litigation. Additionally, courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). As detailed below, each of these considerations supports the appointment of the proposed firms as interim lead class counsel.

### 1.    Proposed Interim Class Counsel's Identification and Investigation of the Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Fed. R. Civ. P. 23 Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. <u>All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.</u>

MOORE'S FEDERAL PRACTICE § 23.120(3)(a) (3d. Ed. 2007) (emphasis added).

Proposed Interim Class Counsel's work in identifying and investigating the claims in this case demonstrates that they have and will continue to fairly and adequately represent the proposed Class. For example, they have performed the following work thus far:

a)  Commissioned independent laboratory testing of Defendants' products to bolster the allegations in the *Spindel* and *Barrett* Complaints, prior to filing the Complaints;

b)  Investigated, consulted, and retained potential merits and damages experts regarding the presence of PFAS in Defendants' products and Plaintiffs' claims and theory of liability;

c)  Investigated potential legal claims arising from Defendants' misrepresentations in selling products that contain PFAS;

d) Analyzed Defendants' labels and website;

e) Researched Defendants' corporate structure;

f) Researched the health implications of ingesting PFAS;

g) Investigated the nature of the challenged PFAS at issue here;

h) Analyzed actions taken by similar companies in selling similar products;

i) Investigated the potential damages model necessary for the claims in this action;

j) Evaluated the adequacy of the named plaintiff;

k) Drafted and served notice letters to the Defendants in this action;

l) Drafted and filed the complaints in the *Gruen*, *Spindel*, *Barrett* and *Baez* actions;

m) Coordinated efforts in order to relate the actions before this Court;

n) Filed a consolidated complaint to join the *Gruen, Spindel,* and *Barrett* matters;

o) Coordinated efforts in order to consolidate the *Gruen* and *Baez* actions;

p) Communicated with defense counsel regarding the case and relevant issues; and

q) Coordinated to develop the proposed leadership structure and draft this Motion.

The Notes also contemplate that the appointment of interim class counsel may be necessary to conduct pre-certification discovery prior to a determination to grant or deny class certification pursuant to Fed. R. Civ. P. 23(c)(1), inasmuch as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003). The Notes further state, "[o]rdinarily such work is handled by the lawyer who filed the action." *Id*. Here, a significant amount of discovery and related motion practice is expected to take place prior to class certification. *See id.* (noting that interim class counsel may be necessary to "make or respond to motions before certification"). Moreover, the class certification motion has not yet been scheduled and discovery will be necessary before a class certification motion is filed. Furthermore, discovery in this matter is likely to be complex and require negotiations and motion practice prior to class certification. Proposed Interim Class Counsel's thorough investigation into the claims and demonstrated cooperation at this early stage in litigation will enable them to more than adequately handle this discovery and related motion practice.

**2.      Proposed Interim Class Counsel's Experience in Handling Class Actions and Other Complex Litigation**

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action. Fed. R. Civ. P. 23(g)(1)(A)(ii).  The proposed firms have substantial experience handling consumer class actions involving claims of mislabeling and false advertising, as well as other complex litigation.  These firms' attorneys have represented plaintiffs in hundreds of class action lawsuits in state and federal courts throughout the United States, with many successful resolutions on behalf of the class totaling millions of dollars in class settlements.  *See*, *e.g.*, Exhibit A (collective resumes of Proposed Interim Class Counsel).

**a)      Bursor & Fisher**

Bursor & Fisher has won many contested class certification motions, including a motion to certify a nationwide class of purchasers of Hyland's cold and flu products, Capatriti 100% Pure Olive Oil, and a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed.  *See Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014); *In re Scotts EZ Seed Litig.*, No. 12-cv-4727 (VB) (S.D.N.Y. Jan. 26, 2015).  *See generally* Exhibit A (Bursor & Fisher Firm Resume).  As United States District Judge Jed S. Rakoff of the Southern District of New York recognized in appointing Bursor & Fisher class counsel in *Ebin*, "Bursor & Fisher, P.A., are class action lawyers who have experience litigating consumer claims including claims against food manufacturers.  …  The firm has been appointed class counsel in dozens of cases in both federal and state courts and has won multi-million dollar verdicts or recoveries in five class action jury trials since 2008." *Ebin*, 297 F.R.D. at 566.  More generally, within the past seven years federal courts have appointed Bursor & Fisher to serve as interim class counsel in more than 30 putative class action cases involving a wide variety of false advertising claims.  *See* Exhibit A (Bursor & Fisher Firm Resume, at pp. 1-3).  For example, Judge Maxine Chesney of the Northern District of California appointed Bursor & Fisher as interim class counsel in a class action against Health-Ade, LLC, over objections of a competing plaintiff law firm.  Judge Chesney concluded that the

1    attorneys at Bursor & Fisher "have more extensive experience in representing clients in false

2    advertising cases, including a case factually similar to that here, and, in the instant case, have done

3    a considerable amount of prefiling work in an effort to identify and plead potential claims."

4    Exhibit B, Aug. 23, 2018 Order in *Bayol v. Health-Ade LLC*, Case No. 18-cv-01462-MMC, ECF

5    Doc. No. 43.

6         The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to some

7    of the largest classes ever certified.  *See* Exhibit A, Bursor & Fisher Firm Resume, at p.1.  They

8    also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon*

9    *Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified,

10   respectively).  These settlements required Verizon and Sprint to open their wireless networks to

11   third-party devices and applications.  *See id*.  Moreover, in *Hendricks v. StarKist Co.*, Bursor &

12   Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class

13   members, the largest number of claims ever submitted in the history of Rule 23 class actions.  *See*

14   *id.*

15        Bursor & Fisher also has substantial experience representing nationwide and multi-state

16   classes.  *See Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116, at *1 (C.D. Cal.

17   Sept. 23, 2020) (certifying multi-state class of purchasers of defective chainsaws); *Martinelli v.*

18   *Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state

19   class of purchasers of Benecol spreads); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y.

20   July 7, 2017) (certifying nationwide and multi-state classes of purchasers pest repellers); *Melgar v.*

21   *Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (certifying multi-state classes of

22   purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397

23   (S.D.N.Y. Jan. 26, 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati*

24   *v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014).  More generally, within the

25   past ten years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel

26   in almost 50 class actions.

27

28

Equally important, Bursor & Fisher has proven that it can – and will – take cases to trial if necessary, having won multi-million-dollar verdicts or recoveries in five of five civil jury trials in consumer class actions since 2008.  *See id.* ¶ 5.  For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a CLRA claim.  *See id.*  In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment.  *See id.*  Notably, in May 2019, Bursor & Fisher won a trial verdict, resulting in a class judgment of $267 million in a case pending in this District.  *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) ("*Rash Curtis*") (upholding $267 million award and noting "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result").

        **b)**        **Milberg Coleman Bryson Phillips Grossman PLLC**

Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") has nearly 100 attorneys operating on three continents, and represents plaintiffs in the areas of consumer protection, false advertising, automobile emissions claims, defective drugs and devices, environmental litigation, financial and insurance litigation, antitrust, securities, financial fraud, and cyber law and security. The firm and its affiliates have recovered over $50 billion in verdicts and settlements. Participating Milberg counsel in this litigation have extensive experience in litigation false advertising, product liability, and other similar consumer class action cases. Included in participating Milberg counsel's experience are numerous court appointments as Co-Lead Counsel in multidistrict litigation, as well as Plaintiffs' Steering and Executive Committee positions, and as settlement Class Counsel. *See* Exhibit A.

Since 2020, participating Milberg counsel, Harper Segui, Erin Ruben and Rachel Soffin, have been litigating several cases involving misrepresentations of products that contain PFAS, such as this litigation.  This includes *Allahverdi, et. al. v. Thinx Inc.*, Case No. 2:20-cv-10341 (C.D. Cal.)(reusable menstrual underwear containing PFAS, led by Erin Ruben, Rachel Soffin and Harper Segui); *Blenis et. al. v. Thinx Inc.*, Case No. 1:21-cv-11019-IT (D.Mass.); *Dickens v. Thinx, Inc.*, Case No. 1:22-cv-04286 (S.D.N.Y.);  *Onaka et. al. v. Shiseido Americas Corporation*, Case No. 1:21-cv-10665 (S.D.N.Y.)(makeup products containing PFAS, led by Erin Ruben, Rachel Soffin and Harper Segui); *Anderson et. al. v. Almay, Inc. et. al.*, Case No. 1:22-cv-02722 (S.D.N.Y.)(makeup products containing PFAS, led by Erin Ruben, Rachel Soffin and Harper Segui) among others.

The *Thinx* actions were the first cases to allege causes of action on behalf of consumers who purchased personal care products containing PFAS, and participating Milberg counsel's skillful litigation of this novel area of law has paved the way for current PFAS litigation— including this case. Prior to and during the course of litigating the *Thinx* actions, participating Milberg counsel spent significant time researching and learning about PFAS, including working closely with experts to develop a robust understanding of the relevant science. Plaintiffs successfully survived a Motion to Dismiss in the Central District of California case,[1] and were in discovery when the parties stayed the case to attempt final resolution of the case.

As a result of the knowledge and experience gained in the *Thinx* actions, participating Milberg counsel was one of the first, if not the first, to file a case related the presence of PFAS in makeup. Prior to filing the *Shiseido* action, which concerns a line of "clean" makeup called "bareMinerals," participating Milberg counsel conducted independent laboratory testing and

---

[1] *See Kanan v. Thinx Inc*., 2021 WL 4464200, at *1 (C.D. Cal., June 23, 2021).

conducted significant investigation as to the claims, including and particularly, Defendant's representations that their products were clean and environmentally sustainable.

Participating Milberg counsel are also leading highly complex cases involving product mislabeling, hazardous chemicals and privacy concerns, highlighting their ability to efficiently and effectively manage complex class action litigation. *See In re: Seresto Flea and tick Collar Marketing, Sales Practices and Product Liability Litig.*, 1:21-cv-4447 (ND. Il) (Court appointed co-lead interim counsel position held by Rachel Soffin of Milberg in MDL involving allegedly dangerous and defective pet collars); *All-Clad Metalcrafters, LLC, Cookware Marketing and Sales Practices Litigation*, No. 2:21-mc-00491-NR (W.D. Pa.) (Harper T. Segui and Rachel Soffin of Milberg court appointed co-lead counsel in class action involving defective cookware, which is pending final approval of a settlement); *In Re: Blackbaud, Inc., Customer Data Breach Litigation*, MDL No. 2972, Case No.: 3:20-mn-02972-JMC, D.E. 35 (D.S.C. February 16, 2021) (Court appointed co-lead interim counsel position held by Harper T. Segui of Milberg in data breach involving millions of consumers whose personal information was compromised); *In re: Allergan Biocell Textured Breast Implant Product Liability Litigation*, No. 2:19-md-02921-BRM-ESK (D.N.J.) (Court-appointed Plaintiffs' Steering Committee position held by Rachel Soffin of Milberg in MDL involving defective breast implants); *Corbett v. PharmaCare U.S. Inc.*, No. 3:21-cv-00137-GPC-AGS (S.D. Cal) (case led by Rachel Soffin and Erin Ruben of Milberg with recent order denying, in part, motion to dismiss class action involving dietary supplements that are illegal to sell under the FDCA, and rejecting defendant's preemption arguments);

Recently, participating Milberg counsel successfully litigated numerous other non-PFAS actions. *See In Re: Allura Fiber Cement Siding Prods. Liability Litig.*, No. 2:19-mn-02886-DCN (D.S.C.) MDL ($12.5M settlement involving defective fiber cement siding wherein court appointed Plaintiffs' Steering Committee included Harper T. Segui and Rachel Soffin); *Hamm v. Sharp*

*Electronics Corp.*, No. 5:19-cv-00488 (M.D. Fla.) (over $100M value settlement involving defective microwaves, led by Harper T. Segui and Rachel Soffin); *Cleveland v. Whirlpool Corp.*, No. 0:20-cv-01906-WMV-KMM (D. Minn.)(recent preliminary approval of over $20M value settlement involving defective dishwashers, led by Harper T. Segui and Rachel Soffin); *Berman et al. v. General Motors LLC*, No. 2:18-cv-14371 (S.D. Fla.) ($40 million settlement in action involving allegedly defective automobiles, led by Rachel Soffin).[2]

### c)    Richman Law & Policy

RLP has successfully litigated numerous class actions on behalf of consumers, and courts routinely appoint RLP attorneys as class counsel. RLP also has extensive experience in matters similar to the one at bar. For example, the firm has litigated cases involving the term "natural" (*see In re: Simply Orange Orange Juice Marketing & Sales Practices Litigation*, No. 4:12-md-02361 (W.D. Mo.)); greenwashing claims (*see Koh v. SC Johnson & Son, Inc.*, No. 5:09-cv-00927 (N.D. Cal.)); and has recently been involved in PFAs-related litigation (*see Dalewitz v. The Procter & Gamble Co.*, No. 7:22-cv-07323-NSR (S.D.N.Y.) and *GMO Free USA d/b/a Toxin Free USA v. Burt's Bees, Inc.*, No. 2022 CA 001444 B (D.C. Super.)).

Participating RLP counsel, Kim E. Richman, P. Renée Wicklund, and Jaimie Mak, have extensive experience on similar matters. Mr. Richman, RLP's founding member, has been appointed lead and co-lead class counsel on numerous occasions as a member of RLP and while working at his prior firm, Reese Richman LLP. See, e.g. *In re General Mills Glyphosate Litig.*, No.

---

[2] Ms. Soffin is also currently leading several cases involving regulatory issues and hazardous chemicals including *Corbett v. PharmaCare U.S. Inc.*, No. 3:21-cv-00137-GPC-AGS (S.D. Cal) (recent order denying, in part, motion to dismiss class action involving dietary supplements that are illegal to sell under the FDCA, and rejecting defendant's preemption arguments); *Kanan et al v. Thinx Inc.*, No. 20-cv-10341-JVS-JPR (C.D. Cal.) (recent order denying, in part, motion to dismiss class action involving menstrual products that contain allegedly harmful Polyfluoroalkyl substances associated with a variety of negative health effects for humans, including cancer).

16-cv-2869 (D. Minn.) (class action involving the false advertising of a "natural" consumer product); *Gibson v. Quaker Oats Co.*, No. 16-cv-04853 (N.D. Ill.) (class action involving the false advertising of a "100% Natural" consumer product); *Paulino v. Conopco, Inc.*, No. 1:14-cv-05145-JG-RML (E.D.N.Y.) (class action involving the false advertising of "natural ingredients"); *In re General Mills, Inc. Kix Cereal Litig.*, No. 2:12-cv-00249-KM-MCA (D.N.J.) (class action involving the false advertising of a "natural" consumer product); *In re Frito-Lay North America, Inc. All Natural Litig.*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) (class action involving the false advertising of a "natural" consumer product); *Rosen v. Unilever United States Inc.*, No. 09-02563 JW (N.D. Cal.) (class action involving deceptive health claims regarding a consumer product); and *Chin v. RCN Corporation*, No. 08-cv-7349 RJS (S.D.N.Y.) (class action involving a falsely advertised technological service).

Mr. Richman has also been appointed interim co-lead counsel in major consumer-protection class-action litigation. Most recently, Mr. Richman, along with other RLP attorneys, secured an approval of a $39.55 million class settlement against a giant agrochemical company, concerning allegations of false advertising of products containing the biocide glyphosate. Mr. Richman was appointed co-lead class counsel in this matter. *See Jones, et al., v. Monsanto Co.*, No. 19-0102-CV-W-BP, 2021 U.S. Dist. LEXIS 91260 (W.D. Mo. May 13, 2021).

Ms. Wicklund, senior of counsel to RLP, recently protected the *Jones* class settlement with successful oral argument before the Eight Circuit Court of Appeals, *see Jones, et al. v. Anna St. John*, No. 21-2292 (8th Cir. June 29, 2022) (affirming district court decision approving the class settlement), and then persuaded that court to deny the professional objector's petition for rehearing en banc, *see Jones, et al. v. Anna St. John*, No. 21-2292 (8th Cir. Aug. 16, 2022). Before joining RLP, Ms. Wicklund spent more than a decade with one of the nation's largest top-ranked law firms, litigating matters including class action defense. Currently, Ms. Wicklund is litigating

multiple class actions on behalf of consumers. *See Prescott v. Dos Toros LLC*, No. 1:22-cv-02425-RA-SDA (S.D.N.Y.) (class action alleging deceptive claims regarding "naturally" and "humanely raised" meat products); *Spindel v. Gorton's Inc.*, No. 1:22-cv-10599-PBS (D. Mass.) (class action alleging deceptive claims regarding "sustainably sourced" animal products); *Rawson v. ALDI Inc*, No. 1:21-cv-02811 (N.D. Ill.) (same); and *Marshall v. Red Lobster Management LLC, et al.*, No. 2:21-cv-04786 (C.D. Cal.) (same).

Meanwhile, Ms. Mak, who is Of Counsel to RLP, has worked on a number of class actions for the firm. *See Phan v. Sargento Foods Inc.*, No. 3:20-cv-09251-EMC (N.D. Cal.) (class action alleging deceptive labeling, marketing, and sale of cheese products as having "no antibiotics"); *Koh et al v. The Kraft Heinz Company*, No. 4:20-cv-0442 (N.D. Cal.) (class action alleging deceptive labeling and marketing of "natural" cheese despite being made with milk produced with artificial growth hormones); *Tabler v. Panera LLC et al*, No. 5:19-cv-01646-LHK (N.D. Cal.) (class action alleging deceptive and false advertising regarding "clean" representations); *Susan Tran v. Sioux Honey Association, Cooperative*, No. 8:17-cv-00110-JLS-SS (N.D. Cal.) (class action alleging deceptive and false advertising regarding "pure" and "natural" representations); and *Jou, et al v. Kimberly-Clark Corporation*, No. 3:13-cv-03075-JSC (N.D. Cal.) (class action alleging deceptive and false advertising regarding "pure and natural" representations).

RLP has already devoted significant human and financial resources to representing the interests of the putative class and will commit such further resources necessary to litigate this case through trial and appeals. Further, RLP has also committed significant resources towards investigating PFAs, along with having extensive experience in false advertising matters concerning dangerous chemicals in consumer products.

Given participating RLP Counsel's substantial experience in investigating and litigating similar complex class actions on behalf of consumers, and the firm's overall extensive track record,

RLP unquestionably has the resources necessary to prosecute the putative class's claims diligently and efficiently.

### d)    Shub Law Firm LLC

Founded in 2020, Shub Law is a New Jersey based law firm specializing in complex consumer class action litigation. Shub Law has more than sufficient resources to represent the class. Shub Law firm has extensive class action experience, especially as it relates to consumer class actions. Shub Law has been appointed as class counsel in numerous consumer class action cases including, but not limited to *Hamlen v. Gateway Energy Servs. Corp.,* No. 16-cv-3526, 2017 WL 892399 (S.D.N.Y. Mar. 6, 2017) (appointed class counsel in case against energy company who overcharged consumers on their energy bills); *Austin v. Kiwi Energy N.Y., LLC,* No. 515350/2017 (N.Y. Sup. Cit. – Kings Cty.) (same); *Bell v. Gateway*, No. 031168/2018 (N.Y. Sup. Ct. – Rockland Cty.) (same); *Mercado v. Verde Energy USA, Inc.*, No. 18-cv-2068 (N.D. Ill.) (same); *Williams v. Greenlight Energy, Inc.*, No. 708394/2019 (N.Y. Sup. Ct. – Queens Cty.) (same); *Neversink General Store v. Mowi USA, LLC,* 1:20-cv-09293 (S.D.N.Y.) (appointed class counsel in case against company that deceptively marketed fish products); and *Quezada v. Arbitersports, LLC,* 2:20-cv-05193 (E.D. Pa.) (appointed class counsel in case against company that suffered data breach that negatively impacted over 500,000 class members).

Jonathan Shub is the founding partner of Shub Law Firm LLC, which he started in 2020. Prior to forming Shub Law, among other positions, he served as Managing Partner of the Philadelphia office of Seeger Weiss LLP from 2007 to 2015 and as a shareholder in Kohn, Swift & Graf, P.C. from 2015 to 2020.

Jonathan Shub has extensive experience litigating complex consumer class actions, including cases involving both consumer law (false and deceptive misrepresentations) and

product defects. Throughout the course of his thirty-four year legal career, he has been involved in all aspects of litigating complex class action cases similar to this one, including the drafting of complaints, responding to motions dismiss, taking depositions, developing experts, formulating discovery plans and requests, briefing class certification motions, preparing for trial, mediating and settlement, drafting preliminary and final settlement approval papers, and claims administration.

By way of example, Mr. Shub has served in the following leadership positions:

- Lead counsel in New York against KIWI Energy LLC for deceptive advertising of residential energy practices.
- Co-lead counsel in Illinois against Direct Energy for deceptive advertising of residential energy practices.
- Co-lead counsel in Pennsylvania against PG&E for deceptive advertising of residential energy practices.
- Co-lead counsel in settled national MDL litigation against CPG International for deceptive advertising in connections with deceptive advertising of AZEK-branded decking products.
- Executive committee member in settled national litigation against Western Union for deceptive practices in connection with money transfers.
- Co-lead counsel in litigation against Facebook for deceptive advertising practices.
- Co-lead counsel in a national class action against Palm involving defective smart phones.
- Co-lead counsel in a national class action against Nissan for defective tires on its 350Z model.
- Co-lead counsel in a national class action against Hewlett Packard claiming defects in certain printer models.
- Co-lead counsel in litigation against Vonage for consumer fraud.
- Co-lead counsel in litigation against Maytag, where he was instrumental in negotiating a $42.5 million nationwide settlement for a class of more than 200,000 Maytag customers.
- Co-lead counsel in a nationwide class settlement against IBM that affected more than 3 million hard drive purchasers.

Mr. Shub is especially proud to have served as co-lead trial counsel in 2019 representing 68,000 class members in a 5-day trial that resulted in a jury award of $68,000,000. *See Taha v.*

*Bucks County*, No. 12-6687 (E.D. Pa 2019). The case was the first (and only) class action case to try in the United States involving violation of a state-based privacy statute.

### e)      Levin Sedran & Berman

Levin Sedran and Berman ("LSB") is one of the nation's preeminent and most experienced plaintiff class-action firms with extensive experience and expertise in consumer protection, products liability, antitrust, securities and other complex class-action litigation. LSB's stock-and-trade is the litigation of technically complex litigation such as this one. LSB has been appointed lead counsel or to other leadership positions in hundreds of cases, including more than forty MDLs, and is presently serving or has served in such positions in several of the largest and technically complex class actions nationwide. *See e.g.*, *In re Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (Lead Counsel); *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs' Steering Committee and Subclass Counsel for Settlement); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (Co-Lead counsel); *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Ca.) (Plaintiffs' Executive Committee); and *In re Apple Inc. Device Performance Litigation*, MDL 2827 (N.D. Ca.) (Plaintiffs' Executive Committee); *see* also LSB's firm resume attached as Exhibit A. LSB's firm philosophy from leading and prosecuting complex class actions for over three decades is to efficiently, vigorously and zealously prosecute the action on behalf of their clients and the class. They become experts in the facts of the case, law, and science and assemble a team committed to doing the same. LSB is prepared to do the same in this case.

As a result of its success representing consumers in complex litigation throughout the country, LSB has been distinguished as a Tier I class-action firm in the Best Law Firms rankings published in the U.S. News and World Report Best Law Firms. LSB was also ranked Tier I for personal injury and mass tort firms. LSB was named to THE NATIONAL LAW JOURNAL'S insurance list of America's Elite Trial Lawyers in 2014. Members of LSB are listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell's Directory of Preeminent Attorneys, and have been named the Best Lawyers in America. *See* generally, LSB firm resume attached as Exhibit A. LSB pioneered the use of class actions and mass actions in the United States and its work has resulted in numerous record-breaking recoveries over the past four decades. Just for example:

- ***In re: Asbestos School Litigation***, No. 83-0263 (E.D. Pa.) (LSB as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and settlement on behalf of school districts);

- ***In re: Diet Drug Product Liability Litigation***, MDL No.: 1203 (E.D. Pa.) (LSB as Co-Lead Counsel obtained a $6.75 billion-dollar settlement on behalf of consumers who ingested Fen Phen); [3]

- ***In re: The Exxon Valdez***, No. 89-00095 (D. Alaska) (LSB as a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort. After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at the time the largest punitive damage verdict in U.S. history. Later reduced to $507.5 million by the U.S. Supreme Court);

- ***In re: Chinese-Manufactured Drywall Product Liability Litigation***, MDL No.: 2047 (E.D. La.) (LSB as Lead Counsel obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall valued in excess of $1 billion);

- ***In re: The Vioxx Product Liability Litigation***, MDL No.: 1657 (E.D. La.) (As a member of the PSC and Plaintiffs' Negotiating Committee, LSB was instrumental in achieving a $4.85 billion-dollar settlement on behalf of consumers who ingested Vioxx);

---

[3] This settlement has received favorable comments by academia. See Nagareda, R., *Autonomy, Peace, and "Put" Options in the Mass Tort Class Action*, 115 HARV. L. REV. 747, 756 (2002).

- ***In re Air Cargo Shipping Servs. Antitrust Litig.***, MDL No. 1775 (E.D. N.Y.) (As Co-Lead counsel in the decade long air cargo antitrust litigation Levin Sedran obtained 28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars);

- ***Galanti, et al. v. The Goodyear Tire and Rubber Co. ("Entran II")***, Civil Action No.: 03-209 (D. N.J.) (As a member of the Executive Committee Levin Sedran was instrumental in negotiating and achieving the creation of a common fund in the amount of $344,000,000); and

- ***In re: National Football League Players' Concussion Injury Litigation***, MDL No.: 2323 (E.D. Pa.) (As Subclass Counsel working along with Lead Counsel LSB obtained an uncapped settlement valued in excess of $1 billion dollars on behalf of NFL football players).

Charles E. Schaffer will be leading the LSB team in this litigation. He is a partner with the firm and has achieved an AV peer-review rating in Martindale Hubbell. With over 25 years of experience, he is a nationally recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country, including in consumer class actions involving unfair and deceptive practices such as this one.[4] Mr. Shaffer and LSB regularly prosecutes multi-state consumer class actions and has one of

---

[4] His appointments in MDL litigation include *inter alia In re Apple Inc. Device Performance Litig.*, MDL No. 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2838 (D. Or.) (Plaintiffs' Executive Committee); *In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.) (Plaintiff's Steering Committee); *In re Wells Fargo Insurance Mktg. Sales Practices Litig.*, MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel*); In re: IKO Roofing Prods. Liab. Litig.*, MDL No. 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding Litig.*, MDL No. 2359 (D. Minn.) (Plaintiffs' Executive Committee); *In re Navistar Diesel Engine Prods. Liab. Litig.*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee*); In re: Azek Decking Sales Practice Litig.*, No. 12-6627 (D.N.J.) (Plaintiffs' Executive Committee); *In re: Pella Corporation Architect & Designer Series Windows Mktg. Sales Practices & Prod. Liab. Litig.*, MDL No. 2514 (D.S.C.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Prods. Liab. Litig.*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Steering Committee*); In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP")*, MDL No. 2274 (C.D. Cal.) (Plaintiffs' Executive Committee*); In re: Carrier IQ Consumer Privacy Litig.*, MDL No. 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re: Dial Complete Marketing & Sales Practices Litig.*, MDL No. 2263 (D.N.H.) (Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Mktg. & Sales Litig.*, MDL No. 2382 (E.D. Miss.) (Plaintiffs' Executive Committee*); In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Mktg. & Sales Practice Litig.*, No. 12-md-2320 (D.N.H.) (Plaintiffs' Executive Committee); *and Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-TEH (N.D. Cal.) (Plaintiffs' Executive Committee). In addition, Mr. Shaffer has served

the best track records in the country when it comes to successfully litigating consumer classes and complex cases, developing practical damages methodologies, obtaining prompt relief for consumers victimized by unfair or deceptive practices, and working cooperatively with others. *See* cases discussed *supra*; *see* also LSB's firm resume attached as Exhibit A. Through smart, efficient strategy and tailored creative problem-solving, Mr. Schaffer and LSB have recovered billions of dollars for victims of defective products and unfair or deceptive practices. *Id*. They have accomplished these outstanding global and class settlements while zealously prosecuting the action while minimizing costs and maximizing value.[5]

Of particular relevance to this litigation, Mr. Schaffer and LSB have prosecuted and are currently prosecuting extremely technical cases involving unfair or deceptive practices by manufacturers of consumer products including cosmetics, sunscreen and deodorants laden with benzene, dog food contaminated with toxins, building products, soap, appliances, computers, phones, dietary and nutritional supplements, energy drinks, and many other products. All these cases share the same core issues such as whether the products conform to the manufacturer's representations regarding the product's ingredients or attributes and the damages to consumer as a result of purchasing and paying for the products based on these false and misleading

---

as member of litigation teams where LSB was appointed to leadership positions, in *inter alia*. *In re Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

[5] For example, Mr. Schaffer was instrumental in bringing about settlements in, *inter alia*, *In re Wells Fargo Insurance Marketing Sales practices Litigation*, MDL No. 2797 (C.D. Cal.), which was approved by the Court in 2019 and was  claims made settlement valued at $300 million dollars; *Herrera v. Wells Fargo Bank, N.A.*, Case No. 8:18-cv-00332 (C.D. 2021), which was a common fund settlement in excess of $500 million dollars approved in 2021; *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), which was approved by the court in 2010 and valued at $815,000,000; *In re CertainTeed Fiber Cement Siding Litigation*, MDL No: 2270 (E.D. Pa.), which was a common fund settlement of $103.9 million dollars; and *Pollard v. Remington Arms Company*, Case No. 4:13-CV-00086-ODS (W.D. Mo.), which was approved by the court in 2016 and valued at $97,000, 000. *See* LSB's Firm Resume attached hereto as Exhibit A.

representations. In relation to the food (human and pet food) products, nutritional supplements, sunscreens, deodorant, and cosmetics the core issues are whether the products contained only the listed or represented ingredients and not a toxin, contaminant or unintended byproduct.

Mr. Schaffer's particularized experience involving pet food cases, baby food cases, sunscreen cases, antiperspirant cases and cosmetic cases involving heavy metals, toxins, benzene, PFAS and other unintended by products will translate directly to the benefit of the putative class members who used cosmetics laden with PFAS. Mr. Schaffer is currently prosecuting consumer class actions against other cosmetic manufacturers for their false and misleading statements regarding their products which are laden with PFAS. *Hicks et al. v. L'Oreal U.S.A., Inc*., 1:22-cv-01989-JPC(S.D.N.Y.); *Brown v. Cover Girl Cosmetics*, 22-cv-02696-AT (S.D.N.Y.). Mr. Schaffer, along with Mr. Sulzer, [6]is serving in leadership positions in cases pending against manufacturers of sunscreen products and antiperserat products laden with benzene. *E.g. Goldstein v. Henkel Corporation et al,* 3:22-cv-00164-AWT (D. Conn.) (Co-Lead Counsel); *Chabla et al v. Edgewell Personal Care Brands, LLC et* al, 3:21-cv-01579-JAM *AWT* (D. Conn.) (Co-Lead Counsell); *Bangoura v. Beiersdorf, Inc. et al,* 1:22-cv-00291-BMC (E.D.NY)(Co-Lead Counsel); *Kallamni v. Tengram Capital Partners, LLC,* 1:21-cv-09616-NRB (S.D..NY)(Co-Lead Counsel). *Bangoura* (Coppertone sunscreen products) and *Kallamni* (Sure and Brut antiperspirant products) recently settled on a nationwide class basis offering meaningful cash payments to the class. These cases were filed after a full investigation including retaining experts to test the sunscreen and antiperspirant ingredients and developing a methodology to calculate the damages sustained by the class. The result of testing and proposed damage methodology was provided to defendant manufacturers which led to settlements in both cases.

---

[6] Jason Sultzer is co-counsel with Mr. Schaffer in Baez v. The Clorox Company et. al. 3:22-cv-05218-RS (N.D.Cal) ("Baez") and supports the proposed leadership structure.

Additionally, Mr. Schaffer served as member of the Executive Committee in the recently settled *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability, Litig.*, 2:19-md-02887-JAR-TJJ (D. Kan.). During this litigation, he gained valuable experience prosecuting claims on behalf of pet owners nationwide who purchased recalled dog food that sickened and poisoned thousands of dogs nationwide due to the presence of toxic levels of Vitamin D. Mr. Schaffer was also involved in a line of cases against Champion, another dog food manufacturer, for misleading consumers regarding the quality of its dog food and ingredients which contained heavy metals. In addition to the Hills and Champion line of cases, he handled several other deceptive pet food labeling cases such as *Shaw v. Schell & Kampter, Inc., d/b/a Diamond Pet Foods*, N0. 2:20-cv-01620 (W.D. Wash.) and *Hill v. Canidae Corporation*, No. 20-cv- 01374 (C.D. Ca.) which recently settled on a nationwide class basis offering meaningful cash payments to the class. These cases were filed after a full investigation including retaining experts to test the dog food product's ingredients and developing a methodology to calculate the damages sustained by the class. The result of testing and proposed damage methodology was provided to defendant manufacturers which led to settlements in both cases. Mr. Schaffer is also currently prosecuting a class action against Midwestern Pet Foods on behalf of consumers who purchased dog food on believing the products were safe when in reality they contained a toxin (Aflatoxin) which sickened or killed their dogs. *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*, No.: 3:21-cv-00007 (S.D. Ind.). He is also currently serving as a member of the Executive Committee in *In re Plum Baby Food*, Case No. 1:21-cv-02417-NLH-SAK (D.NJ.) which involves baby food tainted with heavy metals.  As a result of Mr. Schaffer's experience in litigating these deceptive labeling claims, he is well versed in what will be needed to satisfy Plaintiffs' burdens of proof in this litigation including the necessary expert opinions as well as damage modeling experts. These experiences and knowledge will certainly benefit the class in the litigation

In addition to representing consumers in deceptive labeling cases, LSB and Mr. Schaffer have also represented children who were poisoned by lead paint, individuals who either ingested toxins either by drinking contaminated water or breathing in contaminated air and homeowner's whose property suffered diminished value due to contamination of soil, water and air. LSB has served as Lead Counsel and as a member of a PSC or Executive Committee in environmental class actions and mass tort lawsuits including some of the most prominent ones in American history ranging from nuclear meltdowns, toxic exposure (lead paint, asbestos), oil spills and gasoline discharges. *See e.g.*, *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (LSB as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and settlement on behalf of school districts); *In re Three Mile Island Litigation*, Civil Action No. 79-0432 (M.D. Pa.) (As member of Executive Committee obtained the establishment of a medical monitoring fund), *In re: The Exxon Valdez*, No. 89-00095 (D. Alaska) (As a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort. After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at the time that the largest punitive damage verdict in U.S. history. Later reduced to $507.5 million by the U.S. Supreme Court); and *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee*); Ursula Stiglich Wagner, et al. V. Anzon, Inc., et. al.,* No, 4420, June Term, 1987 (C.C.P. Phila. Cty.) (As Lead Counsel obtained a multi-million-dollar recovery for medical monitoring and property damage in relation to lead contamination.); *Johnson, et al. v. Walsh, et. al.*, No. 2012 April Term, 2008 (C.C.P. Phila. Cty.) (As Lead Counsel obtained a multi-million-dollar recovery for property damage in relation to lead and arsenic contamination.); *Meneghin v. Exxon Mobil Corporation*, *et. al.*, Superior Court of New Jersey, Civil Action No. OCN-002697-07 (Superior Court, Ocean County, NJ 2012) (As Lead Counsel obtained a multi-

million-dollar recovery for property damage in relation to discharge of gasoline leading to groundwater contamination).

LSB and Mr. Schaffer have prosecuted these cases from their inception, through discovery, to certification of class(es), to settlements and in some instances to trial. Currently, Mr. Shaffer is serving as a member of Plaintiffs' Executive Committee in *In re: Aqueous Film-Foaming Foams (AFFF)Products Liability Litigation*, MDL 2873 (D.S.C.), which involves the contamination of the nation's water supply with PFAS chemicals. The MDL involves cases being brought against the manufacturers of the AFFF firefighting products on behalf of water suppliers who are required to remove the contamination from the water they provide, firefighters who are inflicted with cancer and from diseases from direct exposure to the AFFF products, individuals who drank the contaminated water and are inflicted with cancers and other diseases, and property owners whose homes suffered diminished value due to the contamination of their water and soil. As a result, Mr. Schaffer is well versed in the science underlying PFAS and the dangerous health effects on human beings. In addition, Mr. Schaffer is prosecuting consumer class actions against other cosmetic manufacturers for their false and misleading statements regarding their products which are laden with PFAS. *Hicks et al. v. L'Oreal U.S.A., Inc.,* 1:22-cv-01989-JPC(S.D.N.Y.); *Brown v. Cover Girl Cosmetics*, 22-cv-02696-AT (S.D.N.Y.). As a result, he is well versed and aware of the proofs (both liability and damages) required in a consumer class action line the instant matter.  Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions.  He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts.  Undoubtedly, the putative classes will benefit from his insight and experience from prosecuting those actions.

### 3. Proposed Interim Class Counsel's Knowledge of the Applicable Law

Proposed Interim Class Counsel are also knowledgeable about the law applicable to the instant claims, as demonstrated by their experience litigating other multi-state class actions. As set forth above, Proposed Interim Class Counsel have a long track record of successfully litigating large-scale consumer and complex class actions and are familiar with this Court's rules and procedures. They have successfully litigated many cases in this District and are also on the forefront of PFAS litigation in general.

### 4. Proposed Interim Class Counsel's Dedication of Resources Committed to Representing the Class

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports this motion for interim class counsel. Here, the putative class consists of millions of consumers around the country. A litigation of this magnitude "justifies the pooling of resources and experience." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, No. 12-2358-SLR, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y.1998).[7] Here, Proposed Interim Class Counsel, independently and collectively, have the resources necessary to finance a case of this magnitude. Indeed, in serving in leadership roles in complex, high-profile class actions before, Proposed Interim Class Counsel understand what is required to undertake a litigation of this magnitude and are committed to marshaling the resources necessary to achieve a favorable result for the class. Given the complexity of this litigation, the number of putative class members, and the need to proceed in an expedited manner, this litigation requires a robust structure.

---

[7] *See also Outten v. Wilmington Trust Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02–1486 PJH, 2006 WL 1530166, at *11 (N.D. Cal., June 5, 2006)); *see also Lowery v. Spotify USA Inc.*, No. CV 15-09929-BRO (RAOx), 2016 WL 6818756, at *5 (C.D. Cal. May 23, 2016) (noting the Court "must appoint the applicant best able to represent the interests of the class.") (citation omitted).

Proposed Interim Class Counsel are well-established, successful law firms that have the resources and personnel necessary to pursue a case of this magnitude, as they have demonstrated in numerous similar class actions. Proposed Interim Co-Lead and Liason Counsel Bursor & Fisher has an office conveniently located within this District. Additionally, Proposed Interim Co-Lead Counsel Milberg has multiple attorneys licensed and residing in the state of California and practicing in this District. As a result, the firms can fully utilize its resources and knowledge of local practice while minimizing attorneys' fees and costs, including for travel to court hearings. Proposed Interim Class Counsel at large have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firms' resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will also allow it to streamline the litigation.

Other courts have opined on the resources and commitment of Proposed Interim Co-Lead Counsel Bursor & Fisher in representing clients in class action cases. For instance, United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC (E.D. Cal. Oct. 29, 2014). *See* Exhibit C, Oct. 29, 2014 Order in *Melgar v. Zicam, LLC*, No. 2:14-cv-00160-MCE-AC, ECF No. 21. Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id.* at 3. Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.* (citation omitted).

Likewise, Proposed Interim Co-Lead Counsel Milberg has recently been appointed as interim co-lead counsel and committee members as the result of similar applications in other litigation, including based on the firm's resources. *See In Re: Blackbaud, Inc., Customer Data Breach Litigation*, MDL No. 2972, Case No.: 3:20-mn-02972-JMC, D.E. 35 (D.S.C. February 16, 2021).

## IV.    CONCLUSION

In the interest of judicial economy and for the reasons set forth above, Plaintiffs respectfully request that the Court appoint Bursor & Fisher, P.A. and Milberg Coleman Bryson Phillips Grossman PLLC as Interim Co-Lead Counsel; Bursor & Fisher, P.A. as Interim Liason Counsel; and Richman Law & Policy, Shub Law LLC, and Levin Sedran & Berman as Plaintiffs' Steering Committee members.

Dated:  October 3, 2022                          Respectfully submitted,

By: */s/ Rachel Soffin*
Rachel Soffin*
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

L. Timothy Fisher (State Bar No. 191626)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

Kim E. Richman**
**RICHMAN LAW & POLICY**
1 Bridge Street, Suite 83
Irvington, New York 10533

1

Telephone: (718) 878-4707
Facsimile: (212) 687-8292

2

E-mail: krichman@richmanlawpolicy.com

3

Harper T. Segui*

4

**MILBERG COLEMAN BRYSON**

5

**PHILLIPS GROSSMAN PLLC**

825 Lowcountry Blvd., Suite 101

6

Mt. Pleasant, SC 29464

7

T: 919-600-5000

hsegui@milberg.com

8

Erin Ruben*

9

**MILBERG COLEMAN BRYSON**

10

**PHILLIPS GROSSMAN PLLC**

900 W. Morgan Street

11

Raleigh, NC 27603

12

T: 919-600-5000

eruben@milberg.com

13

14

Jonathan Shub

**SHUB LAW FIRM LLC**

15

134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033

16

Tel: (856) 772-7200
Fax: (856) 210-9088

17

jshub@shublawyers.com

18

Charles E. Schaffer, Esq.**

19

**LEVIN SEDRAN & BERMAN**

510 Walnut Street, Suite 500

20

Philadelphia, PA 19106

21

Tel: 215-592-1500

Fax: (215) -592-4663

22

cschaffer@lfsblaw.com

23

24

*Admitted via *pro hac vice*
**Application for admission via *pro hac vice*
forthcoming.

25

*Attorneys for Plaintiffs* Caroline Spindel, Tracy

26

Barrett, Laura Harman, Marilyn Moore-Buice,
Daniela Gruen, and Marisol Baez

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 3, 2022, the foregoing was filed using the Court's CM/ECF service, which will send notification of such filing to all counsel of record.

*/s/ Rachel Soffin*
Rachel Soffin