**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Madeline P. Skitzki (SBN 318233)
MSkitzki@jenner.com
Kristen Green (SBN 328618)
KGreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:     +1 213 239 5100
Facsimile:     +1 213 239 5199

Dean N. Panos (*pro hac vice*)
DPanos@jenner.com
353 North Clark Street
Chicago, IL  60654-3456
Telephone:     +1 312 222 9350
Facsimile:     +1 312 527 0484

Attorneys for Defendants
The Clorox Company,
The Burt's Bees Products Company, and
Burt's Bees, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TRACY BARRETT, DANIELA GRUEN, LAURA HARMAN, MARILYN MOORE-BUICE, and CAROLINE SPINDEL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BURT'S BEES, INC., THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>    Defendants. | Case No. 3:22-cv-00935-RS<br><br>**DEFENDANTS' RESPONSE TO AMENDED MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Judge:  The Honorable Richard Seeborg<br>Ctrm:   3, 17th Floor<br>Date:   November 10, 2022<br>Time:   1:30 p.m. |

| | |
|---|---|
| 1 | MARISOL BAEZ, individually on behalf of herself and all others similarly situated, |
| 2 | |
| 3 | Plaintiff, |
| 4 | v. |
| 5 | THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY, |
| 6 | Defendants. |

Plaintiffs move the Court for an order appointing five law firms as Interim Class Counsel. Specifically, Plaintiffs seek appointment of Bursor & Fisher, P.A. and Milberg Coleman Bryson Phillips Grossman PLLC as "Interim Co-Lead Counsel"; Bursor & Fisher, P.A. as "Interim Liaison Counsel"; and Richman Law & Policy, Shub Law LLC, and Levin Sedran & Berman as members of "Plaintiffs' Steering Committee." ECF No. 54 at 1.

Defendants do not challenge the qualifications of the law firms seeking appointment as interim class counsel. However, Defendants dispute that their proposed leadership structure will "'achiev[e] efficiency and economy without jeopardizing fairness to parties,'" which Plaintiffs concede is "the most important factor" in appointment of class counsel. *Id.* at 4 (quoting Manual for Complex Litigation § 10.221 (4th ed. 2006)). As other courts have recognized, appointment of too many firms or "[c]ommittees of counsel can lead to substantially increased costs and unnecessary duplication of efforts." *In re Bystolic Antitrust Litig.*, No. 20-5735, 2020 WL 6700830, at *2 (S.D.N.Y. Nov. 12, 2020) (quoting *In re Crude Oil Commodity Futures Litig.*, No. 11-3600, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 4, 2012)) (denying request to appoint executive committee and holding that "a leadership structure consisting of two co-lead [interim] counsel will be sufficient to address the various complexities that may arise, while keeping unnecessary costs to a minimum").

For example, Judge Curiel of the Southern District of California recently consolidated three putative class actions against Scripps Health and appointed interim lead class counsel, but denied requests to appoint liaison counsel or a Steering Committee as unnecessary and "not . . .

economical." *Rubenstein v. Scripps Health*, No. 21-1135, 2021 WL 4554569, at *2–4 (S.D. Cal. Oct. 5, 2021). Specifically, the court found that there was no indication that the interests of the class diverged or were dissimilar, as might warrant the appointment of a Steering Committee. *Id.* at *3–4 (noting the three consolidated cases involved the same facts and similar legal issues). It further held that the consolidated action was not sufficiently complex or unwieldy to "justify administrative support by a liaison counsel." *Id.* at *4.

Other courts have likewise held that complex interim counsel structures may undermine the very goals that appointment of interim counsel is intended to further—efficiency and economy. *See, e.g.*, *In re Nurture Baby Food Litig.*, No. 21-1217, 2022 WL 3155826, at *3 (S.D.N.Y. Aug. 8, 2022) (appointing two attorneys as interim co-lead counsel but rejecting "request to appoint an executive committee" as unnecessary and inefficient); *Haynie v. Cornell Univ.*, No. 20-467, 2020 WL 6043947, at *2–3 (N.D.N.Y. Oct. 13, 2020) (cautioning that "the number [of firms] should not be so large as to defeat the purpose of making such appointments," and rejecting plaintiffs' "proposed counsel structure [as] unnecessarily duplicative"); *In re Parking Heaters Memo. Antitrust Litig.*, 310 F.R.D. 54, 58 (E.D.N.Y. 2015) (noting "the inevitable redundancies and inefficiencies attendant to a four-firm leadership structure" and instead appointing two firms as co-lead counsel); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, 2013 WL 6050431, at *5 (N.D. Ill. Nov. 15, 2013) (noting "three-firm lead counsel structure . . . likely would involve waste, inefficiencies, and duplicative effort, none of which are in the best interests of the class"); *Four in One Co., Inc. v. SK Foods, L.P.*, No. 08-3017, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009) (concluding that "appointment of more than two co-lead counsel, and anything other than a single liaison counsel, would engender duplication of effort not in the best interest of either a focused or efficient class representation").

Defendants do not believe that this case warrants the appointment of five law firms, including liaison counsel and a Steering Committee, as interim class counsel. The case effectively involves a single defendant (Clorox is Burt's Bees parent company) represented by a single law firm and, once consolidated, will challenge the marketing of six Burt's Bees cosmetics products

(lip balm, lip shimmer, lip shine, and three types of mascara).  Plaintiffs have not identified divergent interests among the class, or any other reason to anticipate that the case will be unduly complex or unwieldy.

Defendants therefore respectfully request that the Court appoint no more than two law firms as interim class counsel and direct them to staff and coordinate the matter efficiently.[1]

Dated:  October 17, 2022

JENNER & BLOCK LLP

By: /s/ Kate T. Spelman
Dean N. Panos
Kate T. Spelman
Madeline P. Skitzki
Kristen Green

Attorneys for Defendants
The Clorox Company,
The Burt's Bees Products Company, and
Burt's Bees, Inc.

---

[1] *See, e.g.*, *Klein v. Facebook, Inc.*, No. 20-8570, 2021 WL 4620963, at *1–2 (N.D. Cal. Mar. 18, 2021) (appointing multiple firms in light of the complexities of the antitrust litigation but setting billing and staffing parameters "to ensure efficiency"); *In re Stubhub Refund Litig.*, No.20-2951, 2020 WL 8669823, at *2 (N.D. Cal. Nov. 18, 2020) (appointing two attorneys as interim co-lead counsel and imposing billing and staffing requirements "to ensure efficiency"); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-2262, 2020 WL 6891417, at *2 (S.D.N.Y. Nov. 24, 2020) (expressing "surprise[]" when, after appointing two firms as co-lead interim counsel, fee application included "twelve additional law firms" seeking fees "far from merely incidental" and declining to credit such fees towards any lodestar application) (emphasis omitted).