Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

*Attorney for Plaintiffs Tracy Barrett, Daniela Gruen, Laura Harman, Marilyn Moore-Buice and Caroline Spindel*

(Additional Counsel listed on signature page)

# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| TRACY BARRETT, DANIELA GRUEN, LAURA HARMAN, MARILYN MOOREBUICE, AND CAROLINE SPINDEL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>v.<br>BURT'S BEES, INC., THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>Defendants. | Case No.: 3:22-cv-00935-RS<br><br>Hon. Richard Seeborg<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**<br><br>Date: November 10, 2022<br>Time: 1:30 pm.<br>Room: Courtroom 3, 17th Floor |
| MARISOL BAEZ, individually on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>THE CLOROX COMPANY and THE BURT'S BEES PRODUCTS COMPANY,<br><br>Defendants. | Case No.: 3:22-cv-05218-RS |

The appointment of Proposed Interim Class Counsel will create one unified voice for Plaintiffs and the putative classes, promote efficiency, and conserve judicial resources. Seven law firms filed the *Baez* and *Gruen* Actions. Rather than file competing applications for the appointment of Interim Counsel pursuant to Rule 23(g) and require the Court to consider briefs and oral argument on the same, Plaintiffs' Counsel here met and conferred and agreed to a proposed structure for Interim Counsel that includes only five firms. This collaborative approach is both commonly accepted and encouraged by the courts. *See* the Manual for Complex Litig., § 21.272 ("By far the most common [approach for selecting among competing applicants for lead counsel] is the so-called "private ordering" approach."); *see also Four In One Co., Inc. v. SK Foods, L.P.*, No. 2:08-CV-03017 MCE EFB, et al., 2009 WL 747160, at *2 (E.D. Cal. Mar. 20, 2009) ("The most common means of selecting class counsel is the so-called 'private ordering' approach, whereby involved counsel jointly come to a representational consensus and submit their recommendation in that regard to the court for approval.)

Defendants cite various cases where courts rejected proposed leadership structures due to potential inefficiencies[1], but fail to explain how they apply here. Appointment of interim class counsel and approval of leadership structures is a fact-intensive inquiry, and ultimately it is a matter of the District Court's discretion to decide matters of class representation and class action administration. *See Radcliffe v. Hernandez*, 818 F.3d 537, 549 (9th Cir. 2016) (finding

---

[1] *See, e.g., In re Nurture Baby Food Litig.*, No. 21-1217, 2022 WL 3155826, at *3 (S.D.N.Y. Aug. 8, 2022); *Haynie v. Cornell Univ.*, No. 20-467, 2020 WL 6043947, at *2–3 (N.D.N.Y. Oct. 13, 2020); *In re Parking Heaters Memo. Antitrust Litig.*, 310 F.R.D. 54, 58 (E.D.N.Y. 2015); *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, No. 09-3690, 2013 WL 6050431, at *5 (N.D. Ill. Nov. 15, 2013); *Four in One Co., Inc..*, 2009 WL 747160, at *3.

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; CASE NO.: 3:22-CV-00935-RS, 3:22-CV-05218-RS - 2

appointment was not an abuse of discretion because district courts are responsible for protecting absent class members' due process interests, and because they are far more familiar with the case, the class, and the attorneys who may be vying for control of the litigation). Appointment of interim class counsel with a more complex leadership structure is not necessarily be "cumbersome" or "inefficient" and "appointment of a single firm is not always ideal." *Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 199 (D. Del. 2012). Courts routinely appoint interim class counsel that includes numerous firms. *See Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 410 (S.D. Ohio 2021) (appointing four-firm leadership structure and noting that designation of interim counsel will clarify responsibility for protecting the interests of the class during precertification). Further, the Court has the authority to ensure there is no duplication of efforts or increased fees as a result of the proposed leadership structure, avoiding the waste and inefficiency that Defendants argue against. *See Outten*, *id.* (noting that "to the extent applicable, the court will ensure that there is no duplication of efforts and the appointment of multiple counsel will not lead to increased fees"). Crucially, the proposed leadership structure here evidences that Plaintiffs' Counsel will work efficiently together to achieve positive results for the Class. The existing firms involved in this action have already worked collaboratively to meet the deadlines set by the case scheduling order.

Defendants further argue that Plaintiffs have failed to show that the class members have divergent interests that would necessitate the proposed leadership structure[2]. The *Gruen* action

---

[2] Defendants also rely on *Rubenstein v. Scripps Health*, No. 21-1135, 2021 WL 4554569, at *2-4 (S.D.Cal. Oct. 5, 2021), wherein the district court adopted a similar argument. In *Rubenstein*, the court found that there was no indication that the interests of the class diverged or were dissimilar as might warrant the appointment of a Steering Committee. The same was true in *In*

represents the consolidation of three individual actions. *See* Dkt. No. 26. The Parties now seek the consolidation of two different cases filed independently from one another in varying jurisdictions covering consumers in California, Georgia, Michigan, New Jersey, and New York. *See* Dkt. No. 53. If the Court grants the motion to consolidate, the proposed Plaintiffs Steering Committee members will serve an important role in navigating any differences due to jurisdiction, location, and law. *See Mack v. LLR, Inc.*, No. 217-CV-07252-JGBAFMX, 2018 WL 6038349, at *5 (C.D. Cal. Jan. 31, 2018) (finding appointment of executive committee justified where plaintiffs sought certification of five state subclasses and committee members were vital in navigating differences in state law). Further, it is common, and efficient, to appoint interim co-lead counsel consisting of multiple firms when consolidating related actions. *See, e.g., Troy Stacy Enterprises Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 409 (S.D. Ohio 2021) (finding appointment of interim co-lead class counsel is necessary where there were multiple duplicative lawsuits pending and co-lead counsel "will greatly assist the litigation of the consolidated action").

Finally, Defendants' arguments against the proposed leadership structure should be rejected for the simple reason that, unlike Plaintiffs' counsel, they do not have any ethical

---

*re Bystolic Antitrust Litig.*, No. 20-5735, 2020 WL 6700830, at *1 (S.D.N.Y. Nov. 12, 2020) (denying counsel's request to appoint an executive committee and citing the Manual for Complex Litigation 10.221 (4th ed. 2004) ("Committees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making.... The most important [factor in class counsel appointments] is achieving efficiency and economy without jeopardizing fairness to the parties.")). However, the Manual for Complex Litigation also specifically recognizes the selection of committees of counsel in complex class action cases "resulting from the consolidation of different classes or subclasses." Manual for Complex Litig. § 21.273.

obligation to act in the best interests of the class. Conversely, any attorney acting on behalf of the class must act in the best interests of the class as a whole. *See* Fed. R. Civ. P. 23(g)(4); *Blake Partners, Inc. v. Orbcomm, Inc.*, No. CIV.A. 07-4517 (WHW), et al., 2008 WL 2277117, at *4 (D.N.J. June 2, 2008) (defendants had no standing to challenging lead plaintiff and its counsel); *Cal. Pub. Emples. Ret. Sys. v. Chubb Corp.*, 127 F. Supp. 2d 572, 575 n.2 (D.N.J. 2001) (same); *see also In re Merck & Co., Inc. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) ("defendants will rarely have the best interests of the class at heart"). Therefore, in the interest of a coordinated and vigorous prosecution of Plaintiffs' and putative class members' claims, the Court should approve of the Proposed Interim Class Counsel.

Proposed Interim Class Counsel have committed to expending resources to represent the putative class, and are confident that the proposed leadership structure will protect the best interests of the class while continuing to promote judicial economy.

Dated: October 24, 2022  Respectfully submitted,

By: */s/ Rachel Soffin*
Rachel Soffin*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com

L. Timothy Fisher (State Bar No. 191626)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

Kim E. Richman**
**RICHMAN LAW & POLICY**

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL; CASE NO.: 3:22-CV-00935-RS, 3:22-CV-05218-RS - 5

1 Bridge Street, Suite 83
Irvington, New York 10533
Telephone: (718) 878-4707
Facsimile: (212) 687-8292
E-mail: krichman@richmanlawpolicy.com

Harper T. Segui*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
825 Lowcountry Blvd., Suite 101
Mt. Pleasant, SC 29464
T: 919-600-5000
hsegui@milberg.com

Erin Ruben*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
eruben@milberg.com

Jonathan Shub
Kevin Laukaitis
**SHUB LAW FIRM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Charles E. Schaffer, Esq.**
**LEVIN SEDRAN & BERMAN**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel: 215-592-1500
Fax: (215) -592-4663
cschaffer@lfsblaw.com

*Admitted via *pro hac vice*
**Application for admission via *pro hac vice* forthcoming.

*Attorneys for Plaintiffs Caroline Spindel, Tracy Barrett, Laura Harman, and Marilyn Moore-Buice, and Daniela Gruen*

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL;
CASE NO.: 3:22-CV-00935-RS, 3:22-CV-05218-RS - 6